

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-22-00169-CV

_____

IN THE INTEREST OF L.M. AND S.M., CHILDREN

On Appeal from the 46th District Court
Hardeman County, Texas
Trial Court No. 11,876, Honorable Dan Mike Bird, Presiding

September 16, 2022

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

SW appeals from an order terminating her parental relationship with LM and SM. The statutory grounds underlying the trial court's decision were section 161.001(b)(1) (D), (E), (N), (O), and (P) of the Texas Family Code. That the Texas Department of Family and Protective Services (Department) proved them go unquestioned on appeal. Instead, SW asserts that both legally and factually insufficient evidence supported the finding that termination was in the children's best interests. We overrule the issue and affirm.

*Law*

The standard of review is that discussed in *In re J.W.*, 645 S.W.3d 726, 740–41 (Tex. 2022). We apply it here.

Next, the indicia described in *Holley v. Adams*, 544 S.W.2d 367 (Tex. 1976) guide a decision regarding a child's best interests. *See id.* at 371–72 (listing the factors); *In re M.D.W.*, No. 07-22-00083-CV, 2022 Tex. App. LEXIS 519, at *8–9 (Tex. App.—Amarillo July 26, 2022, no pet.) (mem. op.) (the same). Those indicia are non-exhaustive, and the absence of evidence addressing one or more does not bar termination if the remainder of that evidence otherwise allows a factfinder to form a strong conviction or belief that a child's best interests favors termination. *In re M.D.W.*, 2022 Tex. App. LEXIS 519, at *9. And, included in that relevant evidence is the proof underlying one or more statutory grounds for termination found by the court. *Id.* Finally, a "child's need for permanence through the establishment of a 'stable, permanent home' has been recognized as the paramount consideration. . . ." *Id.* at *9–10.

*Application of Law*

The Department removed the children from SW upon discovering the latter's involvement with illegal drugs. Furthermore, her youngest child, born in August 2020, had methamphetamines in her system at birth. Since their removal, the children resided with a family member who cared to adopt them. That family member, whom the children called "Mom," attended to their needs and provided them a stable home in which they thrived. The group also had bonded to each other.

On the other hand, SW admitted to being "homeless," unemployed, and without a mode of transportation. She also was unable to explain why she failed to submit to the

2

multiple drug tests required of her. Moreover, evidence revealed her to be pregnant at the time of trial. When asked whether she knew if the infant would be "born addicted to methamphetamine," she indicated that she did not know. And though SW did not want her parental rights terminated, she, nonetheless, thought that the best thing "right now" was to give up her children.

Other evidence illustrated that SW completed services required of her. Yet, a witness assigned to supervise her progress opined that "although [SW] had done her services initially, she has not continued to progress towards being ready for motherhood." The same witness also testified not only to the multiple times SW failed to submit to drug testing but also to being unaware of SW having produced a "clean hair follicle drug screen throughout the life of this case."

As argued by SW, no witness expressly testified that termination "was in the children's best interests."[1] Yet, she cited us to no authority requiring someone to utter those or similar buzz words. Nor does the statute require that someone, either expert or lay, so expressly opine. Rather, the trial court may terminate upon finding, by clear and convincing evidence, the existence of a statutory predicate and "that termination is in the best interest of the child." TEX. FAM. CODE ANN. § 161.001(b)(1), (2).

Simply put, the evidence established that, post-removal, the children lived in a stable, caring environment permitting them to thrive. So too did it illustrate their biological mother to be a drug-addicted, homeless, and unemployed person who remained unprepared for motherhood despite being afforded services and opportunity to improve.

---

[1] One did state that the children's best interests favored their being adopted by the person in whose care they currently resided and she believed "the best interest of the children is for them to grow up in the household that they're already living in and thriving in."

3

That provided the trial court with the requisite evidentiary basis to find termination of the parental relationship to be in the best interests of LM and SM.  This is especially so when SW could not say if her future children would be born drug-free.  We affirm the trial court's order terminating the parental relationship between SW and her two biological children LM and SM.


Brian Quinn
Chief Justice